IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KEITH GALLOWAY | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | No. 16-5809 |
| | : | |
| SUPERINTENDENT BARRY SMITH, et al. | : | |
| | : | |

## ORDER

AND NOW, this 28th day of June, 2018, upon careful consideration of Petitioner Keith Galloway's pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, the response thereto, and Petitioner's reply, and after independent review of the Report and Recommendation of United States Magistrate Judge Marilyn Heffley and Galloway's objections thereto, it is ORDERED:

1. Galloway's objections (Document 22) are OVERRULED[1];

---

[1] In August 2004, Galloway entered a negotiated guilty plea to charges of third-degree murder and criminal conspiracy in state court, and in May 2005, he was sentenced to a total of 20 to 40 years of imprisonment. Galloway did not file a direct appeal or seek collateral review of his conviction or sentence under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. §§ 9541-46. In October 2016, more than a decade after he was convicted, Galloway filed the instant federal habeas petition. On October 19, 2017, United States Magistrate Judge Marilyn Heffley issued a Report and Recommendation recommending that the petition be dismissed as untimely under the applicable one-year limitations period for filing a federal habeas petition established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 18 U.S.C. § 2244(d) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). The Magistrate Judge concluded that because Galloway did not file post-sentence motions or a direct appeal, his conviction became final when the time to appeal expired on June 10, 2005, 30 days after he was sentenced on May 11, 2005. *See* Pa. R. App. P. 903(c)(3) ("In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court."). Because Galloway also did not file a PCRA petition, the Magistrate Judge further concluded that, absent a basis for equitable tolling, the one-year limitations period expired on June 10, 2006, one year after his conviction and sentence became final. *See* 28 U.S.C. § 2244(d)(1)(A) (providing that the AEDPA's one-year limitations period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," unless a later

start date applies pursuant to § 2244(d)(1)(B)-(D)). The Magistrate Judge rejected Galloway's arguments that the limitations period should be equitably tolled due to his mental illness; that he was entitled to the benefit of a later start date under § 2244(d)(1)(C) based on the Supreme Court's decisions in *Alleyne v. United States*, 570 U.S. 99 (2013), *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016); and that the AEDPA's limitation provision violates Article III and separation of powers. Galloway objects to the Magistrate Judge's analysis of the latter two issues and raises a number of other objections to the Report and Recommendation.

Insofar as Galloway argues that application of AEDPA's one-year limitations period to bar his habeas petition violates the Suspension Clause or is otherwise unconstitutional, similar arguments have been uniformly rejected within the Third Circuit. *See, e.g.*, *Tyler v. Superintendent Houtzdale SCI*, No. 17-1410, 2017 WL 3662470, at *1 (3d Cir. May 2, 2017) (denying a certificate of appealability in part on the basis that "jurists of reason would not disagree that [petitioner's] per se challenge to AEDPA's statute of limitations, brought under the Suspension Clause of the United States Constitution, Art. I, § 9, cl. 2, is without merit" and collecting cases); *Pittman v. Clinton*, 673 F. App'x 139, 140 (3d Cir. 2017) (noting "[c]ourts have repeatedly determined that the time limits imposed by AEDPA are constitutional" and collecting cases); *United States v. Bendolph*, 409 F.3d 155, 167 n.18 (3d Cir. 2005) (noting that although the Third Circuit has not had occasion to reach the issue in a published opinion, "other courts of appeals have held the AEDPA statute of limitations constitutional in the face of *per se* challenges brought under the Suspension Clause," and collecting cases).

Galloway's objection to the Magistrate Judge's failure to apply the "intermediate approach" adopted by the Supreme Court in *Day v. McDonough*, 547 U.S. 198 (2006), also lacks merit. The question presented in *Day* was "whether a federal court lacks authority, on its own initiative, to dismiss a habeas petition as untimely, once the State has answered the petition *without contesting its timeliness*." *Id.* at 202 (emphasis added). Rather than adopt "an inflexible rule requiring dismissal whenever AEDPA's one-year clock has run, or, at the opposite extreme, a rule treating the State's failure initially to plead the one-year bar as an absolute waiver," the Court adopted what it characterized as an "intermediate approach," holding district courts "are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Id.* at 208-09. Here, in contrast, Respondents raised the AEDPA limitations period in their response to Galloway's habeas petition, and the intermediate rule is thus inapplicable to this case. Recognizing as much, Galloway urges this Court to extend the intermediate approach to instances where, as here, "the State *does* assert timeliness as an affirmative defense," and to excuse his failure to timely file his habeas petition because he "unintentionally 'erred'" in not filing sooner and because the interests of justice would be better served by addressing the merits of the petition. *See* Pet'r's Mem. of Law in Supp. of Objs. to R. & R. 6-7, 9 (emphasis added). While the AEDPA limitations period is subject to equitable tolling and to an equitable exception where a petitioner makes a credible showing of actual innocence, Galloway has not shown that either of these exceptions applies here. Instead, Galloway in effect asks the Court to treat the AEDPA limitations period as wholly discretionary, something the Court lacks authority to do.

Galloway next objects to the Magistrate Judge's conclusion that his assertion of a claim for relief under *Alleyne v. United States*, *supra*, did not render his habeas petition timely because the *Alleyne* decision is not retroactive. Under 28 U.S.C. § 2244(d), when a habeas petition asserts claims for relief based on a newly recognized constitutional right, the one-year limitations

period does not begin to run until "the date on which the constitutional right asserted was initially recognized by the Supreme Court," but only if "the right has been newly recognized by the Supreme Court *and* made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C) (emphasis added). In *Alleyne*, the Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 570 U.S. at 103. In *United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014), the Third Circuit squarely held that although *Alleyne* announced a new rule, the case does not apply retroactively to cases on collateral review. Galloway acknowledges this holding, *see* Pet'r's Mem. of Law in Supp. of Objs. 9, but argues *Reyes* was wrongly decided in light of the retroactivity analysis in *Welch v. United States*, *supra*, a later-decided Supreme Court case. Galloway's arguments that the new rule announced in *Alleyne* was a new substantive rule and/or a new watershed rule of criminal procedure—as required for the rule to have retroactive effect, *see Welch*, 136 S. Ct. at 1264—are unpersuasive. Moreover, as the Third Circuit recognized in *Reyes*, "the decision to make *Alleyne* retroactive rests exclusively with the Supreme Court, which has not chosen to do so." *Reyes*, 755 F.3d at 213. Galloway maintains that the Supreme Court has, in fact, made *Alleyne* retroactively applicable to cases on collateral review, citing *Hurst v. Florida*, 136 S. Ct. 616, 620-21 (2016), but that case was decided on *direct* review following a resentencing proceeding. This Court thus agrees with the Magistrate Judge that *Alleyne* does not render Galloway's habeas petition timely.

Galloway also objects to the Magistrate Judge's conclusion that his petition is not timely in light of *Johnson v. United States*, *supra*. In *Johnson*, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), on vagueness grounds. In *Welch*, *supra*, the Supreme Court held that *Johnson* announced a new substantive rule of law that applies retroactively to cases on collateral review. *See* 136 S. Ct. at 1265, 1268. Although *Johnson* applies retroactively, the Magistrate Judge found the case did not affect the timeliness of Galloway's habeas petition because Galloway was not sentenced under the ACCA. Galloway concedes he did not receive an enhanced sentence under the ACCA, but argues *Johnson* is nevertheless applicable because his claims include a vagueness challenge to the Pennsylvania third-degree murder statute based on the statute's failure to define the malice element of the offense. As Galloway acknowledges, "[t]he prohibition of vagueness in criminal statutes is a well-recognized requirement." Pet'r's Mem. of Law in Supp. of Objs. 20 (quoting *Johnson*, 135 S. Ct. at 2556-57) (internal quotation marks omitted). Whatever support *Johnson* might provide to Galloway's vagueness challenge, that challenge is not based on the constitutional right that was newly recognized in *Johnson*, which concerns the ACCA, not the Pennsylvania third-degree murder statute (much less the malice element of the third-degree murder offense, which is defined by the common law). *Johnson* thus does not delay the running of the limitations period in this case. *See Threat v. Hatton*, No. 17-1519, 2018 WL 501017, at *3 (S.D. Cal. Jan. 22, 2018) (holding *Johnson* did not delay the running of the limitations period for a habeas petition challenging the residual clause in the California murder statute on vagueness grounds), *report and recommendation adopted by* 2018 WL 1757659 (S.D. Cal. Apr. 12, 2018). Moreover, even if Galloway were asserting a claim based on the constitutional right newly recognized in *Johnson*, his habeas petition would still be untimely as the petition was filed in October 2016, 16 months after *Johnson* was decided in June 2015. *See* 28 U.S.C. § 2244(d)(1)(C) (providing that the one-year limitations period shall run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court"); *Dixon v.*

2. The Report and Recommendation (Document 16) is APPROVED and ADOPTED;

3. Galloway's Petition for Writ of Habeas Corpus (Document 3) is DISMISSED as untimely;

4. Galloway having failed to show that jurists of reason would find it debatable whether his habeas petition is untimely, a certificate of appealability shall not issue; and

5. The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:


    /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

*United States*, No. 16-4250, 2017 WL 2600451, at *4 (C.D. Ill. July 15, 2017) (holding a § 2255 motion based on *Johnson* has to be filed by June 26, 2016, to be timely).

    Galloway's remaining objections concern the merits of his claims. Because his habeas petition is untimely, the Court need not address these objections.